FILED

AUG 19 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARGELIA FERIA,<br><br>  Plaintiff,<br>vs.<br>JEH JOHNSON, Secretary of Homeland Security, et al.,<br><br>  Defendants. | CASE NO. 15cv1900 WQH (KSC)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the "Motion to Dismiss" or, in the Alternative, for Summary Judgment (ECF No. 7) filed by the Defendants.

## I. Background

On August 28, 2015, Plaintiff Argelia Feria filed the Complaint (ECF No. 1) against Defendant Jeh Johnson, Secretary of Homeland Security, and Loretta E. Lynch, Attorney General of the United States, and Alanna Y. Ow, District Director of the United States Citizenship and Immigration Service pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq. Id.* On March 18, 2016, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). (ECF No. 7). On April 3, 2016, Plaintiff filed an opposition. (ECF No. 8). On April 18, 2016,

Defendants filed a reply. (ECF No. 9).

## II.     Allegations of the Complaint

Plaintiff filed this action seeking "declaratory and injunctive relief to compel Defendants and their subordinates to: (a) find . . . that Plaintiff was lawfully 'inspected and admitted' into the United States under INA § 245; 8 U.S.C. 1255; (b) reopen and re-adjudicate the Immigrant Petition (Form I-485 application) that was filed by Plaintiff as an immediate relative spouse of a U.S. citizen; and (c) enjoin the Defendants to continue the employment authorization for Mrs. Feria." (ECF No. 1 at 1-2). Plaintiff alleges that "[t]his Court has jurisdiction under 28 U.S.C. § 2241 (c) (1) & (3), art I. § 9, cl. 2 of the United States Constitution ('Suspension Clause'), and 28 U.S.C. § 1331, as Mrs. Feria was deprived of her right to have her immigration application adjusted under the relevant statutes, laws and case interpretations of the United States." *Id.* ¶ 1.

Plaintiff alleges that:

> [she] entered into the United States in 2002 in a car through the San Ysidro, California Port-of-Entry. She was in the vehicle with two other individuals and was inspected and admitted into the United States by an immigration officer. The officer stopped the car, asked questions of the driver and then proceeded to allow the vehicle and the occupants to drive into the United States. The officer did not speak to nor ask Plaintiff any questions.

*Id.* ¶ 17.

Plaintiff then submitted an Application to Register Permanent Resident or Adjust Status to the United States Citizenship and Immigration Service ("USCIS") "based on being an immediate relative of a United States citizen, her eligibility to receive an immigrant visa, the immediate availability of the immigrant visa, and her inspection and admission into the United States." *Id.* ¶ 18. Plaintiff was scheduled for an immigrant interview at USCIS where "Plaintiff provided testimony regarding her inspection and admission into the United States." *Id.* ¶ 20. "Plaintiff received a decision of denial from USCIS over two weeks after the interview." *Id.* ¶ 21. The decision of denial letter stated:

> During your interview you stated on a record of sworn statement the following: You last entered the United States from the San Ysidro Port of

> Entry at around 9 in the morning of either the 28th or the 29th of June 2002 by car. You stated that you were 19 or 20 years old when you entered the United States. You stated that you were sitting in the back of a car, accompanied by a male driver and the person sitting next to you, both of whom you claim to not know. You claimed that the Immigration Officer only asked the driver for documentation and that you did not talk to the Officer. You claimed that you did not have documents allowing you to enter into the United States. You also claimed that you were going to go back to your house if you were refused entry into the United States. You stated that your dad knew of your plans to come to the United States, that he said it was dangerous, but that it was your choice and that you wanted to be with your husband.
>
> The documents in support of your claimed entry into the United States have been reviewed and considered. The Agency deems your claim to be insufficient and lacks convincing evidence because of the following reason(s): Your claim that you entered the United States at the age of 19 or 20 years old while sitting in the back of a car with people you did not know and your claim that you presented yourself for inspection and were allowed to proceed into the United States without clarifying your status lack credibility. In addition, system checks did not reveal any record that you were ever issued any nonimmigrant visa to legally enter the United States.
>
> Because you have no proof of lawful entry and your claim that you were admitted to the United States was insufficient and lacked convincing corroborating evidence, you have failed to establish that you were inspected and admitted or paroled into the United States. Therefore, you are ineligible to adjust your status under Section 245 of the Act.

*Id.* at 11.

Plaintiff alleges that "though [Defendants] received Plaintiff's attorney's letter [with] the relevant case law supporting Plaintiff's lawfully inspected and admitted entry, they were choosing to ignore it. USCIS did NOT make a determination that Plaintiff was not a credible witness." *Id.* ¶ 21.

Plaintiff alleges that "Defendants violated Plaintiff's statutory right to apply for relief which Congress has provided under the INA, depriving Plaintiff of the opportunity to obtain adjustment of status to lawful permanent resident and live lawfully in the United States under INA §245." *Id.* ¶ 25. Plaintiff further alleges that "Defendants have unlawfully and erroneously interpreted the definition of the term 'inspected and admitted' in INA §245" and "[b]ased on this erroneous interpretation, Defendants have erroneously denied Plaintiff's adjustment of status application in violation of clear Congressional intent." *Id.* ¶ 27.

Plaintiff requests that the Court order "Defendants to approve the I-485 application originally filed by Plaintiff" and "authorize her to legally work in the United States through her Employment Authorization card until the 'entry and inspection' issue is resolved by this Court." *Id.* at 8-9. Plaintiff requests attorney's fees and costs. *Id.* at 9.

### III. Standards of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

### IV. Contentions of the Parties

Defendants contend that their Motion to Dismiss or in the alternative, Motion for Summary Judgment should be granted because:

> The first cause of action does not specify how Plaintiff was deprived of an "opportunity" to obtain lawful permanent resident status and appears to be based solely on the fact that USCIS denied her application. Her own complaint, including the attached exhibit, shows that USCIS received her application, interviewed her on the application, considered her testimony that she was inspected and admitted, and adjudicated the application, determining that her testimony was not credible. . . .
>
> The second cause of action does not specify how USCIS misinterpreted the definition of "inspected and admitted" in 8 U.S.C. § 1255 or otherwise failed to apply the law, and it appears that it is founded on Plaintiff's (inaccurate) allegations that '[t]he credibility of Plaintiff has not been raised by USCIS nor is in dispute' [Doc. 1, para. 6] and that 'USCIS did NOT make a determination that Plaintiff was not a credible witness.'

(ECF No. 7-1 at 4). Defendants contend that they made a determination that Plaintiff was not a credible witness when they expressly "rejected her testimony that she was 'waved through' as a passenger in a car at the San Ysidro Port of Entry in 2002,

because the testimony 'lack[ed] credibility.' (ECF No. 9 at 1). Defendants contend that "[i]n Plaintiff's case, there was neither any extrinsic, impeachment evidence bearing on her truthfulness nor any corroborating evidence to support her story, so USCIS had to consider only the believability of her story." *Id.* at 2. Defendants contend that Plaintiff did not satisfy her burden to prove that she has been inspected and admitted to the United States. Defendants contend that because the "USCIS's credibility determination was discretionary, and was made in the context of adjustment of status proceedings, the ruling is not reviewable by the district courts. . . ." *Id.* Additionally, Defendants contend that Plaintiff did not specifically raise any constitutional issues thus district courts do not have jurisdiction based on constitutional grounds.

Plaintiff contends that Defendant's motion should be denied because USCIS simply "typed those words" rejecting Plaintiff's testimony on the denial letter but "failed to state or determine where or what part in any of her evidence . . . was not credible or sufficient. Nor did they provide any evidence to refute or show that Feria's claim of her inspection and admission was not true or accurate." (ECF No. 8 at 4). Plaintiff contends that when noncitizens are "waved" through inspection at a port of entry without being asked any questions by the inspecting officer, noncitizens do not need any more corroborating evidence other than their testimonies to establish entry.

## V. Discussion

In order for an applicant to qualify for adjustment of status to lawful permanent resident based on the status of immediate family relations, the applicant must, among other things, establish that she "was inspected and admitted or paroled into the United States." 8 U.S.C. § 1255(a). The applicant has the burden to prove that she had been inspected and admitted to the United States. *See* 8 C.F.R. § 1240.8.

The Complaint alleges that Plaintiff was wrongfully denied an adjustment of status because Defendants did not make a credibility determination regarding Plaintiff's testimony that she was inspected and admitted into the United States. In the letter attached to the Complaint, the USCIS states that it considered Plaintiff's

testimony: "After a thorough review of your application and supporting documents, and your testimony during your interview, unfortunately, we must inform you that we are denying your application . . . ." (ECF No. 1 at 10). The USCIS found that although "[t]he documents in support of [Plaintiff's] claimed entry into the United States have been reviewed and considered," Plaintiff's testimony "lack[ed] credibility." *Id.* at 11. The USCIS letter stated,

> [Plaintiff] entered the United States at the age of 19 or 20 years old while sitting in the back of a car with people [Plaintiff] did not know and [Plaintiff's] claim that [Plaintiff] presented [herself] for inspection and were allowed to proceed into the United States without clarifying [her] status lack credibility. In addition, system checks did not reveal any record that [she was] ever issued any nonimmigrant visa to legally enter the United States.

*Id.* The USCIS concluded that Plaintiff has failed to meet her burden of establishing that she has been inspected and admitted to the United States not only because Plaintiff did not have any paper documentation of her alleged entry into the United States but also because Plaintiff's testimony lacked credibility.

Plaintiff does not allege facts to support an inference that Defendants erroneously and unlawfully interpreted the definition of "inspected and admitted" under INA § 245. The letter attached to the Complaint shows that the USCIS made a determination that Plaintiff was not a credible witness before denying her application. The discretionary determination that Plaintiff was not credible is not reviewable by the district court. Section 1252(a)(2)(B) of 8 U.S.C. states, "Notwithstanding any other provision of law . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review— (i) any judgment regarding the granting of relief under section . . . 1255 of this title . . . ." 8 U.S.C. § 1252(a)(2)(B)(i). The Ninth Circuit Court of Appeals has held that the REAL ID Act did not impact its determination that Section 1252(a)(2)(B)(i) "eliminates jurisdiction only over decisions that involve the exercise of discretion." *Mamigonian v. Biggs*, 710 F.3d 936, 943 (9th Cir. 2013) (quoting *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002). Because a credibility determination is a decision that

involves the exercise of discretion, the Court does not have jurisdiction to review a challenge to an adjustment of status denial when the denial was based on the USCIS's determination that the applicant lacked credibility. The Court concludes that the Complaint lacks "a cognizable legal theory." *See Conservation Force*, 646 F.3d at 1242. The motion to dismiss is granted.

### VII. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is granted. The Complaint is dismissed.

IT IS FURTHER ORDERED that any motion for leave to file an amended complaint must be filed within two weeks of the date this Order is filed and must demonstrate the Court has jurisdiction over the case. If a motion for leave to file an amended complaint is not filed within two weeks of the date this Order is filed, the Clerk of the Court shall close the case.

Dated: 8/18/16

WILLIAM Q. HAYES
United States District Judge