1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ARGELIA FERIA,                              CASE NO. 15cv1900-WQH-
                                                  KSC
12                              Plaintiff,
            vs.
13                                               **ORDER**
     JEH JOHNSON, Secretary of
14   Homeland Security, et al.,

15                              Defendants.

16   HAYES, Judge:

17        The matter before the Court is the Motion to Dismiss the First Amended

18   Complaint filed by Defendants (ECF No. 15).

19   **I.    Background**

20        On August 28, 2015, Plaintiff Argelia Feria filed the Complaint (ECF No. 1)

21   against Defendant Jeh Johnson, Secretary of Homeland Security, and Loretta E. Lynch,

22   Attorney General of the United States, and Alanna Y. Ow, District Director of the

23   United States Citizenship and Immigration Service (collectively, "Defendants")

24   pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, and

25   the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq. Id.* On March 18,

26   2016, Defendants filed a motion to dismiss or, in the alternative, for summary

27   judgment.  (ECF No. 7).  On April 3, 2016, Plaintiff filed a response in opposition.

28   (ECF No. 8).  On April 18, 2016, Defendants filed a reply.  (ECF No. 9).  On August

18, 2016, the Court dismissed the Complaint for lack of jurisdiction. (ECF No. 10). The Court concluded that, "Because a credibility determination is a decision that involves the exercise of discretion, the Court does not have jurisdiction to review a challenge to an adjustment of status denial when the denial was based on the USCIS's determination that the applicant lacked credibility." (ECF No. 10 at 6-7).

On October 17, 2016, Plaintiff filed the First Amended Complaint against Defendants pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* (ECF No. 14). On October 31, Defendants filed a motion to dismiss for lack of jurisdiction. (ECF No. 15). On November 17, 2016, Plaintiff filed a response in opposition. (ECF No. 16). On November 28, 2016, Defendants filed a reply. (ECF No 17).

## II.    Allegations of the Complaint

In the First Amended Complaint, Plaintiff seeks "declaratory and injunctive relief to compel Defendants and their subordinates to: (a) find . . . that Plaintiff was lawfully 'inspected and admitted' into the United States under INA § 245; 8 U.S.C. 1255; (b) reopen and re-adjudicate the Immigrant Petition (Form I-485 application) that was filed by Plaintiff as an immediate relative spouse of a U.S. citizen; and (c) enjoin the Defendants to continue the employment authorization for Mrs. Feria." (ECF No. 14 at 1-2).

Plaintiff alleges, "This Court has jurisdiction under 28 U.S.C. § 2241 (c) (1) & (3), art I. § 9, cl. 2 of the United States Constitution ('Suspension Clause'), and 28 U.S.C. § 1331, as Mrs. Feria was deprived of her right to have her immigration application adjusted under the relevant statutes, laws and case interpretations of the United States." *Id.* at ¶ 1. "As such, the nondiscretionary denial of Mrs. Feria's right to have her I-485 Application for the Adjustment of Statute to Legal Permanent Residence was in violation of the Constitution, laws, treaties, statutes, codes and case laws of the United States." *Id.* Plaintiff alleges, "This Court is not deprived of jurisdiction by 8 U.S.C. § 1252(a)(2)(B) because this pleading alleges a

nondiscretionary decision by Defendant, and a challenge based on constitutional grounds." *Id.*

Plaintiff alleges that she

> entered into the United States in 2002 in a car through the San Ysidro, California Port-of-Entry.  She was in the vehicle with two other individuals and was inspected and admitted into the United States by an immigration officer.  The officer stopped the car, asked questions of the driver and then proceeded to allow the vehicle and the occupants to drive into the United States.  The officer did not speak to nor ask Plaintiff any questions.

*Id.* ¶ 17.

Plaintiff alleges she is married to a United States citizen and has three children who are United States citizens.  *Id.* at ¶ 18. Plaintiff alleges she submitted an Application to Register Permanent Resident or Adjust Status to the United States Citizenship and Immigration Service ("USCIS") "based on being an immediate relative of a United States citizen, her eligibility to receive an immigrant visa, the immediate availability of the immigrant visa, and her inspection and admission into the United States." *Id.*  Plaintiff alleges she submitted evidence in support of her application, including "a declaration as to her lawful admission and entry into the United States." *Id.*

Plaintiff alleges she appeared at an immigrant interview at USCIS where she "provided testimony regarding her inspection and admission into the United States." *Id.* at ¶ 20.  "Plaintiff received a decision of denial from USCIS over two weeks after the interview." *Id.* at ¶ 21.  Plaintiff alleges, "USCIS did NOT make a determination that Plaintiff was not a credible witness.  Instead, USCIS determined that Plaintiff was 'ineligible to adjust [her] status under Section 245 of the Act.'" *Id.*  The decision of denial letter stated:

> During your interview you stated on a record of sworn statement the following: You last entered the United States from the San Ysidro Port of Entry at around 9 in the morning of either the 28th or the 29th of June 2002 by car.  You stated that you were 19 or 20 years old when you entered the United States.  You stated that you were sitting in the back of a car, accompanied by a male driver and the person sitting next to you, both of whom you claim to not know.  You claimed that the Immigration Officer only asked the driver for documentation and that you did not talk to the

Officer. You claimed that you did not have documents allowing you to enter into the United States. You also claimed that you were going to go back to your house if you were refused entry into the United States. You stated that your dad knew of your plans to come to the United States, that he said it was dangerous, but that it was your choice and that you wanted to be with your husband.

The documents in support of your claimed entry into the United States have been reviewed and considered. The Agency deems your claim to be insufficient and lacks convincing evidence because of the following reason(s): Your claim that you entered the United States at the age of 19 or 20 years old while sitting in the back of a car with people you did not know and your claim that you presented yourself for inspection and were allowed to proceed into the United States without clarifying your status lack credibility. In addition, system checks did not reveal any record that you were ever issued any nonimmigrant visa to legally enter the United States.

Because you have no proof of lawful entry and your claim that you were admitted to the United States was insufficient and lacked convincing corroborating evidence, you have failed to establish that you were inspected and admitted or paroled into the United States. Therefore, you are ineligible to adjust your status under Section 245 of the Act.

(ECF No. 14-1 at 1-2).

Plaintiff alleges "Plaintiff is clearly eligible . . . as she met the requisite requirements for adjustment of status in the United States." *Id.* at ¶ 22. Plaintiff alleges "Defendants violated Plaintiff's statutory right to apply for relief which Congress has provided under the INA, depriving Plaintiff of the opportunity to obtain adjustment of status to lawful permanent resident and live lawfully in the United States under INA §245." *Id.* at ¶ 25. Plaintiff alleges "Defendants have unlawfully and erroneously interpreted the definition of the term 'inspected and admitted' in INA §245 and based thereon, found Plaintiff 'ineligible' to adjust her status." *Id.* at ¶ 27. "Based on this erroneous interpretation, Defendants have erroneously denied Plaintiff's adjustment of status application in violation of clear Congressional intent. Defendants' decision was nondiscretionary." *Id.*

Plaintiff requests that the Court order Defendants to "approve the I-485 application originally filed by Plaintiff" and "authorize her to legally work in the United States through her Employment Authorization card until the 'entry and inspection' issue is resolved by this Court." *Id.* at 11. Plaintiff requests attorney's fees and costs under

the Equal Access to Justice Act. *Id.*

### III.    Standards of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).

///

**IV.    Contentions of the Parties**

Defendants contend that the First Amended Complaint is "nearly identical to the initial complaint."  (ECF No. 15-1 at 1).  Defendants contend that the Court dismissed Plaintiff's initial Complaint because Plaintiff failed to allege facts to support an inference that Defendants erroneously interpreted the definition of "inspected and admitted" and because the USCIS credibility determination was a discretionary decision not reviewable by this Court.  *Id.*  Defendants contend that Plaintiff has alleged no additional facts in the First Amended Complaint to demonstrate that the Court has subject matter jurisdiction.  *Id.*

Plaintiff contends that this Court properly has subject matter jurisdiction over the action because the First Amended Complaint alleges a nondiscretionary USCIS decision and constitutional claims.  (ECF No. 16 at 3). Plaintiff contends that her allegations are based on the nondiscretionary decision  that Plaintiff was not eligible for adjustment of status.  *Id.* at 4.  In the event that this Court dismisses the First Amended Complaint, Plaintiff seeks leave to amend.  *Id.* at 7.

**V.    Discussion**

To qualify for adjustment of status to lawful permanent resident based on the status of immediate family relations, an applicant must, among other things, establish that she "was inspected and admitted or paroled into the United States."  8 U.S.C. § 1255(a).  The applicant has the burden to prove that she had been inspected and admitted to the United States.  *See* 8 C.F.R. § 1240.8.

"The 2005 REAL ID Act limited the scope of federal court review respecting certain immigration benefits determinations."  *Mamigonian v. Biggs*, 710 F.3d 936, 943 (9th Cir. 2013).  Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), "Notwithstanding any other provision of law . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review— (i) any judgment regarding the granting of relief under section . . . 1255 of this title . . . ."  8 U.S.C. § 1252(a)(2)(B)(i).  The Ninth Circuit Court of Appeals has held that the REAL ID Act

did not impact its earlier determination that the language of this jurisdiction-limiting provision "eliminates jurisdiction only over decisions ... that involve the exercise of discretion." *Mamigonian*, 710 F.3d at 943 (quoting *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002). "[D]istrict courts maintain jurisdiction to hear cases under the APA challenging final agency determinations respecting eligibility for the immigration benefits enumerated in § 1252(a)(2)(B)(i) made on nondiscretionary grounds when there are no pending removal proceedings at which the alien could seek those benefits." *Id.* at 946.

This Court properly has subject matter jurisdiction over Plaintiff's claim only if the USCIS decision to deny Plaintiff's application for an adjustment of status was made on nondiscretionary grounds. In the letter to Plaintiff attached to the First Amended Complaint, the USCIS denies Plaintiff's application and states,

> Your claim that you entered the United States at the age of 19 or 20 years old while sitting in the back of a car with people you did not know and your claim that you presented yourself for inspection were allowed to proceed into the United States without clarifying your status lack credibility. In addition, system checks did not reveal any record that you were ever issued any nonimmigrant visa to legally enter the United States.

(ECF 14-1 at 2). Based upon this, USCIS determined that Plaintiff "failed to establish that [she] was inspected and admitted or paroled into the United States" and deemed Plaintiff to be ineligible for a status adjustment. *Id.* The First Amended Complaint shows that the USCIS determination of Plaintiff's ineligibility and denial of the application was based on the determination that Plaintiff's claims of being "inspected and admitted" lacked credibility. In the Court's previous Order dismissing the initial Complaint, the Court stated **"**Because a credibility determination is a decision that involves the exercise of discretion, the Court does not have jurisdiction to review a challenge to an adjustment of status denial when the denial was based on the USCIS's determination that the applicant lacked credibility." (ECF No. 13 at 3). Plaintiff's First Amended Complaint includes language alleging the legal conclusion that the USCIS

1  decision was nondiscretionary but fails to allege sufficient facts in support of this
2  assertion. *See Iqbal,* 556 U.S. at 678 ("The tenet that a court must accept as true all of
3  the allegations contained in a complaint is inapplicable to legal conclusions.").
4  Plaintiff fails to allege sufficient facts to support an inference that this Court has
5  jurisdiction on constitutional grounds or based on a nondiscretionary decision by the
6  USCIS. The Court concludes that the First Amended Complaint suffers from the same
7  deficiencies of the initial Complaint and lacks "a cognizable legal theory." *See*
8  *Conservation Force*, 646 F.3d at 1242.

9  **VI.   Conclusion**

10  IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 15) is granted.
11  The First Amended Complaint (ECF No. 14) is dismissed.

12  IT IS FURTHER ORDERED that any motion for leave to file an amended
13  complaint must be filed within two weeks of the date this Order is filed.[1]  If a motion
14  for leave to file an amended complaint is not filed within two weeks of the date this
15  Order is filed, the Clerk of the Court shall close the case.

16  DATED:  January 13, 2017

17

18  **WILLIAM Q. HAYES**
    United States District Judge

19

20

21

22

23

24

25

26

27

28

---

[1] Defendants did not request that the First Amended Complaint be dismissed with prejudice in the motion to dismiss.